# In the United States Court of Federal Claims

No. 10-683C
(Filed March 22, 2024)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                               *
KAY L. ROGERSON,                               *
                                               *
                Plaintiff,                     *
                                               *
        v.                                     *
                                               *
THE UNITED STATES,                             *
                                               *
                Defendant.                     *
                                               *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER

Plaintiff Kay L. Rogerson, who is representing herself in this matter, has moved for leave to add her daughter as an additional plaintiff, so that someone may continue her case were she to die or become incapacitated. *See* ECF No. 115 at 3–4. The government opposes this request, contending that Dr. Rogerson's daughter is not a real party in interest. Def.'s Resp., ECF No. 116 at 3–4.

Concerning this request, defendant is correct. Our rules specify that "[a]n action must be prosecuted in the name of the real party in interest." Rule 17(a)(1) of the Rules of the United States Court of Federal Claims (RCFC); *see also Crone v. United States*, 210 Ct. Cl. 499, 511 (1976). Persons may join or be joined as plaintiffs if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences . . . ." RCFC 20(a)(1)(A). Plaintiff is a real party in interest and seeks to join her daughter as a present, permissive plaintiff. But Dr. Rogerson does not contend that her daughter presently has a right to relief "arising out of the same transaction, occurrence, or series of transactions or occurrences." Rather, she seeks present joinder of her daughter as a potential, future substitute in the event of her death or incompetency, describing her as "one of my legal 'heirs' [who] wasn't even a party to the original 'contract'." Pl.'s Resp., ECF No. 117 at 4.

Rule 25 of this court, however, clearly conditions substitution of a party upon either death or incapacitation having already taken place. *See* RCFC 25(a)(1) ("*If a*

*party dies and the claim is not extinguished*, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative." (emphasis added)); RCFC 25(b) ("*If a party becomes incompetent*, the court may, on motion, permit the action to be continued by or against the party's representative." (emphasis added)).  Our rules do not provide for speculative or anticipatory substitution styled as joinder of a permissive plaintiff.  Accordingly, plaintiff's request that her daughter, or anyone else she sees fit to help her, be added as an additional plaintiff is **DENIED**.

     Doctor Rogerson has also requested a status conference.  *See* ECF No. 115 at 1–3; ECF No. 118.  Although the government opposes this request due to the pending motion to dismiss this case, Def.'s Resp., ECF No. 116 at 2–3, under the circumstances the request is reasonable.  Accordingly, the motion to set a status conference is **GRANTED**.  The Court will contact the parties to schedule a mutually convenient date and time for the conference, to be held by telephone.

     And finally, plaintiff has also moved for leave to correct a typographical error in a previous filing and to submit additional information for consideration.  *See* ECF No. 114.  The government has not filed any opposition to this motion, which is accordingly **GRANTED**.  Defendant shall file a supplemental brief discussing the relevance of any of this additional information to its pending motion to dismiss the case, on or by **Friday, April 5, 2024.**

IT IS SO ORDERED.

                                               VICTOR J. WOLSKI
                                               Senior Judge