# In the United States Court of Federal Claims

No. 10-683C
(Filed August 31, 2026)
NOT FOR PUBLICATION

* * * * * * * * * * * * * * * * * * * * * * * *
**KAY L. ROGERSON,**

Plaintiff,

v.

**THE UNITED STATES,**

Defendant.
* * * * * * * * * * * * * * * * * * * * * * * *

## <u>MEMORANDUM OPINION AND ORDER</u>

WOLSKI, Senior Judge.

As the Court prepared to rule on a Motion to Dismiss from the government, ECF No. 64, and plaintiff Dr. Kay L. Rogerson's Motion for Summary Judgment, ECF No. 84, the Court received several filings from Dr. Rogerson. Some of these filings include three motions to vacate, including two filed under the name of Dr. Rogerson's daughter, Dana K. DeVine, and a Motion to Intervene from Ms. DeVine. For the reasons explained below, the Court **DENIES** all three motions to vacate, ECF Nos. 126, 133, & 137, and Ms. DeVine's Motion to Intervene, ECF No. 135.

### I. Doctor Rogerson's Motions to Vacate, ECF Nos. 126, 133, & 137

On October 15, 2025, Dr. Rogerson filed a motion to vacate settlement pursuant to Rules of the Court of Federal Claims (RCFC) 60(b)(1), (3)–(4), and (6). Rule 60(b) Mot. to Vacate the Settlement, ECF No. 126. The settlement Dr. Rogerson asks the Court to vacate is between Dr. Rogerson and the United States Air Force and was filed in the United States District Court of the District of South Dakota on February 8, 1996 (1996 Settlement). *Id.* at 5–6; Def.'s Mot. to Dismiss Am. Compl., ECF No. 64, at 2.

Rule 60(b) permits our court to grant a party relief "from a final judgment, order, or proceeding." The Rule provides several reasons for vacating a judgment.

Doctor Rogerson cites four of those reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; [. . .]
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void; [. . .] or
> (6) any other reason that justifies relief.

RCFC 60(b)(1), (3)–(4), & (6). A litigant must adhere to the time limits imposed by RCFC 60(c) to vacate a judgment: One year for relief sought under RCFC 60(b)(1)–(3) and within a "reasonable time" under RCFC 60(b)(4)–(6). RCFC 60(c)(1); *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *Fiskars, Inc. v. Hunt Mfg. Co.*, 279 F.3d 1378, 1382 (Fed. Cir. 2002). Rule 60 does not define "reasonable time," but the Federal Circuit has recently noted, with reference to RCFC 60(b)(6), "that the reasonableness of delay requires a case-by-case determination." *Odyssey Logistics & Tech. Corp. v. Stewart*, 130 F.4th 973, 979 (Fed. Cir. 2025); *Talasila, Inc. v. United States*, 524 F. App'x 671, 674 (Fed. Cir. 2013) (affirming the conclusion that an RCFC 60 motion made a dozen years after the dismissal of a complaint was not made within a reasonable time).

In her motion, Dr. Rogerson argues the Court should vacate the 1996 Settlement under RCFC 60(b)(1) because she "didn't understand the full scope of what the Judges and the U.S. District Court were having me release due to the mental distress I was under." Rule 60(b) Mot. to Vacate the Settlement at 5. She then contends that RCFC 60(b)(3) may provide her relief because the government misrepresented the settlement as a "limited civil-rights settlement [but] instead made it into a 'Global Settlement' of issues that were not before the Court." *Id.* Doctor Rogerson also cites RCFC 60(b)(4) because she claims the settlement approved "a waiver of criminal liability or future constitutional claims." *Id.* Lastly, Dr. Rogerson cites RCFC 60(b)(6), contending "[j]ustice requires undoing a fundamentally unfair agreement signed under duress." *Id.*; *but see CEATS, Inc. v. Cont'l Airlines*, 755 F.3d 1356, 1361 (Fed. Cir. 2014) (identifying RCFC 60(b)(6) as the "catch-all" provision used only in "extraordinary circumstances" (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863–64 (1988))).

The government timely filed its response and made several arguments. First, the government asks the Court to rule on its Motion to Dismiss, ECF No. 64, for lack of subject-matter jurisdiction and failure to state a claim, before addressing Dr. Rogerson's motion to vacate. Def.'s Resp. to Pl.'s Mot. to Vacate Settlement and for J. Pursuant to Federal Rule of Civil Procedure 60(b), ECF No. 131. Second, the government cites to the Court's previous orders strongly discouraging additional filings other than those requested by the Court. *Id.* at 3 (citing Order (June 2, 2017), ECF No. 71, at 1–2 (referencing how the Court did "not contemplate allowing any further filings by either party pertaining to the pending motion to dismiss the

case"). Here, the government also notes that Dr. Rogerson repeats the arguments she raised in earlier filings. *Id.* Third, the government argues the Court lacks the power under RCFC 60(b) to set aside or alter a settlement filed in another court, as the settlement Dr. Rogerson seeks to vacate was filed in the United States District Court for the District of South Dakota. *Id.* at 4–5 (citing *Cheyenne-Arapaho Tribes of Indians of Okla. v. United States*, 1 Cl. Ct. 290, 292 (1982) (holding that RCFC 60(b) "must be directed at setting aside a judgment of the Claims Court, it cannot now be used to set aside a judgment of a different court . . . .")). Lastly, the government contends that Dr. Rogerson's Motion to Vacate is untimely and unsupported. *Id.* at 5–7. Rule 60(c) requires a litigant to file a motion to vacate within a reasonable time, or within a year if relying upon RCFC 60(b)(1)–(3). *Id.* at 5–6. The government goes on to note that twenty-nine years have passed between the 1996 Settlement and Dr. Rogerson filing her Motion to Vacate. *Id.* at 5. Even then, relief granted under RCFC 60(4) or (6) is reserved for void judgments because of certain jurisdictional errors or a due process violation depriving a party of notice and an opportunity to be heard. *Id.* at 6–7 (citing *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010)). Similarly, according to the government, RCFC 60(b)(6) is reserved for extraordinary circumstances that do not include an attempt to avoid the consequences of ineffective legal tactics. *Id.* (citing *Progressive Indus., Inc. v. United States*, 131 Fed. Cl. 66, 70 (2017), *aff'd* 888 F.3d 1248 (Fed. Cir. 2018)). The government claims Dr. Rogerson uses her motion to argue her "dissatisfaction with the dismissal of her case," which falls far short of the extraordinary circumstances required for a successful RCFC 60(b)(6) argument. *Id.* at 7.

In her reply, filed on December 19, 2025, Dr. Rogerson makes jurisdictional arguments and fails to respond to the government's arguments relating to the merits of the Motion to Vacate. Reply to Resp. to Mot. to Vacate, ECF No. 132, at 1–2. Doctor Rogerson does not raise any new arguments to support her Motion to Vacate.

The same day Dr. Rogerson filed her reply to the government's response, the Court received another Motion to Vacate, ECF No. 133, apparently authored by Ms. DeVine. A few days later, on December 23, 2025, the Court received a third Motion to Vacate, ECF No. 137, nearly identical to the second, again apparently authored by Ms. DeVine. Putting aside the authorship of the two new motions to vacate, they repeat arguments under RCFC 60(b)(4) and (6) while raising a new argument under RCFC 60(b)(5).[1] According to RCFC 60(b)(5), a litigant may obtain relief from a

---

[1] Even though Ms. DeVine signed the latter two motions to vacate, the Court will construe them as filed by Dr. Rogerson. Despite Ms. DeVine's non-litigant status, the Court must liberally construe pro se filings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2005) (first quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); and then quoting *Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005)). While Ms. DeVine signed

judgment if "the judgment has been satisfied, released, or discharged," if "it is based on an earlier judgment that has been reversed or vacated," or if "applying [the judgment] is no longer equitable." Here, the motions argue the 1996 Settlement Agreement is no longer equitable because it impairs "fundamental rights, chill[s] access to courts, and perpetuates[s] ongoing harm." Dec. 19, 2025, Mot. to Vacate, at 2; Dec. 23, 2025, Mot. to Vacate, at 2. The motions offer no support for the alleged inequitable effects of the 1996 Settlement Agreement.

Unfortunately, despite Dr. Rogerson's legal citations, RCFC 60(b) does not permit the Court to vacate the 1996 Settlement for two reasons. First, RCFC 60(b) permits the Court to vacate only its prior judgments, not those of another court. *Carney v. United States*, 199 Ct. Cl. 160, 163–64 (1972); *see also Hawkins v. United States,* No. 19-1794C, 2021 WL 4494473, at *1 (Fed. Cl. Sept. 30, 2021). The Tucker Act, 28 U.S.C. § 1491, which provides the Court with its jurisdiction, does not grant equitable powers outside of those incidental to the Court's general jurisdiction to award money judgments. *Carney*, 199 Ct. Cl. at 163–64; *Am. Renovation & Constr. Co. v. United States*, 65 Fed. Cl. 254, 261 (2005). When the prior judgment which is attacked comes from a different court, the court reviewing the action to vacate the judgment must have "independent and substantive equity jurisdiction" because vacating a judgment is an equitable action. *Carney*, 199 Ct. Cl. at 163; 11 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2868 n.27 (3d ed. Sept. 2025 Update). Here, Dr. Rogerson asks the Court to vacate the 1996 Settlement from the United States District Court for the District of South Dakota. Rule 60(b) Mot. to Vacate the Settlement at 5–6. The Court has no jurisdiction to undertake this equitable action vacating the 1996 Settlement Agreement from the federal court in South Dakota.

Second, regardless of the jurisdictional barrier, Dr. Rogerson's motions to vacate the settlement do not meet the timing requirements imposed by RCFC 60(c). Doctor Rogerson's arguments under RCFC 60(b)(1) and (3) fail because she filed her motions on October 15, December 19, and December 23, 2025, nearly thirty years after the 1996 Settlement Agreement, which far surpasses the one-year limit. The Court also finds Dr. Rogerson's claims under RCFC 60(b)(4) and (6) untimely. Doctor Rogerson has litigated the validity of the 1996 Settlement for the last twenty-six years, filing her first action in April 2000. Def.'s Mot. to Dismiss at 3. In 2010, due to filings on this matter found frivolous by that court, the United States District Court for the District of South Dakota granted the government's injunction barring Dr. Rogerson from submitting additional filings relating to the 1996

---

her name at the bottom of both of the two new motions to vacate, Dr. Rogerson signed the corresponding certificates of service. *See* Dec. 19, 2025, Mot. to Vacate, ECF No. 133, at 4–5; Dec. 23, 2025, Mot. to Vacate, ECF No. 137, at 4, 7. Doctor Rogerson's signature indicates she likely endorses the arguments made in the motions to vacate and would likely adopt the arguments as her own.

Settlement. *Id.* at 6. No doubt, Dr. Rogerson has known about the 1996 Settlement, and has taken issue with it, for most of the 1996 Settlement's thirty-year lifetime. The extensive litigation history Dr. Rogerson has waged over the validity of the 1996 Settlement demonstrates that she did not file her claims under Rule 60(b)(4) and (6) within a reasonable time. *Odyssey Logistics & Tech. Corp.*, 130 F.4th at 979. Thus, Dr. Rogerson failed to adhere to the RCFC 60(c) time limits.

Accordingly, the Court **DENIES** Dr. Rogerson's motions asking the Court to vacate the 1996 Settlement under RCFC 60(b), ECF Nos. 126, 133, & 137.

## II. Dana K. DeVine's Motion to Intervene, ECF No. 135

On December 19, 2025, the Court received a motion to intervene under RCFC 24 from Ms. DeVine. In her Motion to Intervene, Ms. DeVine argues she recently discovered provisions of the 1996 Settlement and the prolonged litigation "caused the loss of inheritance." Mot. to Intervene at 1. She proceeds to argue the legitimacy of the 1996 Settlement Agreement, including arguments finding the 1996 Settlement Agreement unconstitutional and unenforceable. *Id.* at 1–2. She also cites illegal exaction and breach of contract claims as a legal basis for damages because the government "retained or diverted funds owed" to her. *Id.* at 2. The Motion to Intervene does not specify any property interests Ms. DeVine may have related to the ongoing litigation, nor does it cite any federal law granting a right of intervention. The government timely responded, opposing Ms. DeVine's Motion to Intervene because Ms. DeVine did not timely file her motion, nor is she a party of interest. Government's Resp., ECF No. 139, at 2–4.

Under RCFC Rule 24, two types of intervention exist: intervention as of right and permissive intervention. Under RCFC 24(a), the Court must grant intervention as of right upon a timely motion to someone who (1) "is given an unconditional right to intervene by a federal statute;" or (2) "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest" unless the existing parties adequately represent the interest. The interest justifying intervention as of right "may not be either indirect or contingent." *United Keetoowah Band of Cherokee Indians of Okla. v. United States*, 480 F.3d 1318, 1324 (Fed. Cir. 2007) (quoting *Am. Mar. Transp., Inc. v. United States*, 870 F.2d 1559, 1561 (Fed. Cir. 1989)). Thus, the interest serving as a basis for intervention as of right must have a "*direct* and *immediate* character," meaning "the intervenor will either gain or lose by the direct legal operation and effect of the judgment." *Am. Mar. Transp., Inc.*, 870 F.2d at 1561 (emphasis in the original).

Under RCFC 24(b)(1), the Court may grant permissive intervention to anyone who (1) "is given a conditional right to intervene by a federal statute;" or (2)

"has a claim or defense that shares with the main action a common question of law or fact." In addition, when exercising its discretion, a "court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." RCFC 24(b)(3). Permissive intervention is wholly discretionary, and a court may deny a motion seeking permissive intervention, even if the movant meets all of the requirements under RCFC 24(b). *Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*, 2024-1896, 2025 WL 3652946, at *3 (Fed. Cir., Dec. 17, 2025) (quoting *Turner v. Cincinnati Ins. Co.*, 9 F.4th 300, 317 (5th Cir. 2021)).

The Court must also consider the timeliness of a motion to intervene. If a motion to intervene is untimely, then the Court must deny it as a threshold matter. *NAACP v. New York*, 413 U.S. 345, 365 (1973); *Glob. K9 Prot. Grp. v. United States*, 170 Fed. Cl. 523, 536–37 (2024). A court considers timeliness from all of the circumstances in its sound discretion. *NAACP*, 413 U.S. at 365–66. This rule applies to intervention as of right and permissive intervention. *Fairholme Funds, Inc. v. United States*, 681 F. App'x 945, 949 n.2 (Fed. Cir. 2017). According to the Federal Circuit, three factors govern a motion's timeliness:

(1) The length of time during which the would-be intervenor actually knew or reasonably should have known or their rights;

(2) Whether the prejudice to the rights of existing parties by allowing intervention outweighs the prejudice to the would-be intervenors by denying intervention; and

(3) Existence of unusual circumstances militating either for or against a determination that the application is untimely.

*Doe v. United States*, 44 F. App'x 499, 501 (Fed. Cir. 2002) (per curiam) (quoting *Belton Indus., Inc. v. United States*, 6 F.3d 756, 762 (Fed. Cir. 1993)).

This Motion to Intervene fails for multiple reasons. First, Ms. DeVine's motion is untimely because all three factors weigh against timeliness. Notably, regarding the first factor, the Court rejected a similar request from Dr. Rogerson to join Ms. DeVine to this case in early 2024. *See* Mar. 22, 2024, Order, ECF No. 119; *Rogerson v. United States*, No. 10-683C, 2024 WL 1232090 (Fed. Cl. Mar. 22, 2024).[2] In a motion dated July 7, 2023, Dr. Rogerson requested the Court to add her daughter as a plaintiff to the case. Mot. for a Status Hr'g, ECF No. 115, at 4. Thus,

[2] The Court rejected Dr. Rogerson's motion to join her daughter to the case because Dr. Rogerson did not explain how Ms. DeVine has a right to relief arising from the same transaction or occurrence. Mar. 22, 2024, Order, ECF No. 119, at 1. The Court concluded Dr. Rogerson sought to join her daughter as a future substitute, which is not an option under the applicable RCFC 25. *Id.* at 1–2.

at the very latest, Ms. DeVine knew of the proceedings starting from July 7, 2023, roughly two-and-a-half years before she filed her Motion to Intervene. The Federal Circuit previously ruled litigants who waited two years before moving to intervene were untimely, and their intervention would have prejudiced the original parties. *Belton Indus., Inc.*, 6 F.3d at 762. The two-and-a-half-year delay of Ms. DeVine exceeds the two-year untimeliness conclusion from the Federal Circuit and would prejudice the United States in having to litigate against a late-arriving opponent. *See id.*; Government's Resp. at 3. Therefore, the first factor weighs against a finding of timeliness.

For the second factor, the Court concludes the prejudice to the rights of the existing parties, namely, the United States, outweighs the prejudice against Ms. DeVine by denying her intervention. In its brief, the United States noted, "if Ms. DeVine were allowed to intervene in this 15-year-old case," it "would be forced to litigate against a second, late-arriving opponent and expend additional resources in doing so." Government's Resp. at 3 (quoting *SAGAM Securite Senegal v. United States*, 156 Fed. Cl. 124, 128 (2021)); *see also Belton Indus., Inc.*, 6 F.3d at 762. The Court agrees. The prejudice against Ms. DeVine arising from a denial of intervention is slight because the only interest Ms. DeVine alleges is a conclusory allegation that the 1996 Settlement caused the loss of inheritance from prolonged litigation. Mot. to Intervene at 1. Just as the Court found in 2024, Ms. DeVine has not shown she has a right to relief "arising out of the same transaction, occurrence, or series of transactions or occurrences." Mar. 22, 2024, Order, at 1. Thus, the second factor weighs against a finding of timeliness.

Lastly, for the third factor, Ms. DeVine has failed to point to any extenuating circumstances arising from the 1996 Settlement that militate against a finding of untimeliness. *See Belton Indus., Inc.*, 6 F.3d at 762. With all three factors weighing against timeliness, the Court concludes Ms. DeVine's Motion to Intervene is untimely.

Aside from the untimeliness of the motion, Ms. DeVine's Motion to Intervene also fails because her motion does not prove she is entitled to intervention as of right. In her two-page Motion to Intervene, Ms. DeVine fails to cite any federal statute granting her an unconditional right to intervene. *See* RCFC 24(a)(1). Thus, the only option left for intervention as of right is if Ms. DeVine proves she has an interest related to the action that disposition could impair, and the current parties do not represent her interest. *See* RCFC 24(a)(2). Much like her failure to cite any federal statute granting an unconditional right to intervene, Ms. DeVine fails to show any interest that disposition could impair because she does not allege a legally protected interest meeting the "direct and immediate" standard from *American Maritime Transport,* 870 F.2d at 1561. At best, Ms. DeVine asserts a contingent economic interest, which is unpersuasive given she is not a party to the 1996 Settlement Agreement between the Air Force and Dr. Rogerson, the crux of this

litigation. Compl. Attach. 1, ECF No. 1, at 4 (showing at the end of the 1996 Settlement only Dr. Rogerson's signature, her attorney, and the government attorneys representing the Air Force); Government's Resp., Ex. A at 1 (dismissing the original lawsuit between Dr. Rogerson and the Air Force as a result of the 1996 Settlement). Further, no evidence exists suggesting Dr. Rogerson or the Air Force intended for the 1996 Settlement Agreement to benefit Ms. DeVine. Government's Resp. at 5; *see* Compl. Attach. 1 at 1–4 (showing no reference to Ms. DeVine or any of Dr. Rogerson's heirs in the 1996 Settlement Agreement). In other words, Ms. DeVine does not have a breach of contract claim because she was never a party of interest in the 1996 Settlement Agreement. Regarding Ms. DeVine's illegal exaction claim, as the government points out, Ms. DeVine does not identify any funds she is entitled to receive. Government's Resp. at 5. Therefore, she has no direct and immediate interest that a disposition in this case would impair, so the Court cannot grant Ms. DeVine intervention as of right.

Similarly, Ms. DeVine's Motion to Intervene fails because her arguments do not suggest the Court may grant her permissive intervention. First, much like the analysis for intervention as of right, Ms. DeVine's Motion to Intervene does not cite any federal statute granting a conditional right to intervene. For the Court to grant Ms. DeVine permissive intervention, then, she must show a claim sharing a common question of law or fact with Dr. Rogerson's. *See* RCFC 24(b)(1)(B). As previously discussed, even though Ms. DeVine claims she will lose inheritance from the "prolonged litigation and diversion of funds" from the 1996 Settlement Agreement, Mot. to Intervene at 1, she was never a party to the 1996 Settlement Agreement, meaning she has no claim sharing a common question of law or fact. In addition, if the Court granted permissive intervention, as discussed in the timeliness analysis, the late intervention would prejudice the United States. Government's Resp. at 3. Therefore, permissive intervention is not appropriate for Ms. DeVine. For all of these reasons, the Court **DENIES** Ms. DeVine's Motion to Intervene, ECF No. 135.

As the Court instructed the parties in its January 31, 2022, Order, ECF No. 98, to "enable the Court to rule on the pending motion to dismiss this case, the parties are strongly urged not to submit any additional documents" unless otherwise requested. Order (Jan. 31, 2022) at 3.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Senior Judge